TROTTER (BUCHANAN v.). See Case No. 2,075.

TROTTER (NEW JERSEY ZINC CO. v.). See Case No. 10,167.

TROUT (HOLMES v.). See Case No. 6,645.

TROUT (UNITED STATES v.). See Case No. 16,542.

———

## Case No. 14,191.

### In re TROWBRIDGE.

[9 N. B. R. 274.] [1]

District Court, E. D. Michigan.    1874.

BANKRUPTCY — PROOF OF CLAIM — PETITION TO ADMIT CLAIM — PRACTICE.

1. The estate of a bankrupt was being wound up in pursuance of the provisions of section 43 of

---

[1] [Reported by John Gallison, Esq.]
[2] S. P., Consolato del Mare, c. 89.

the bankrupt act [of 1867 (14 Stat. 538)]. After the resolution of creditors for the appointment of a trustee had gone into effect, a certain creditor made proof of his claim before a register in bankruptcy, in pursuance of the provisions of the twenty-second section of said act, procured the certificate of the register to that effect, and delivered it to the assignee. The trustee, however, under the direction of the committee of creditors, refused to admit the claim to a participation in the distribution of the bankrupt's estate. The said creditor then presented a petition in the United States district court praying for an order requiring the trustee to admit his claim, and obtain the usual order to show cause. On the return day of said order the trustee appeared by counsel, and interposed the following exceptions: First, that it appears that no notice was given said trustee of proving of the claim of said creditor before the register, and that said proceeding for that reason is void; second, that said register, having acted on the proof of the alleged claim without any order of this court, had no jurisdiction in the matter. *Held*, that it is the intention of said section 43 that, pending proceedings under it, all the ordinary processes and proceedings under the act, for the time being, are absolutely superseded and suspended, excepting so far as such processes and proceedings are retained by the express words or by the necessary implication of the provisions of that section, and that section being entirely silent in regard to proof of debt presented after institution of proceedings under it. there are none of its provisions that cannot be fully carried out and enforced without the proof required by section 22 in the case of debts so presented; that the trustee and committee have full power to arrange, and by mutual agreement to adjust everything relating to the settlement and winding up of the estate. but they cannot adjudicate or decide any disputed matter; that the petitioner in this case is the proper moving party, but that his petition is insufficient in this. that the prayer for relief is based alone upon the fact that his claim has been proven under section 22, whereas the right so to prove his debt had ceased to exist.

[Cited in Re Hicks, 2 Fed. 852.]

2. Exceptions sustained, and leave given to petitioner to amend his petition by omitting therefrom the allegation of proof of claim before the register and inserting in lieu thereof a statement of the fact, amount, nature and consideration of the claim, and so changing the prayer as to conform the same to such amendment. a copy of such amended petition to be served on the attorney for the trustee within thirty days.

The questions for decision arise upon exceptions by John I. Donaldson, trustee, to the petition of Luther S. Trowbridge, administrator of the estate of Hubbard Trowbridge, deceased, praying for an order requiring the trustee to admit a claim presented by the petitioner, to participation in the distribution of the proceeds of the estate.

L. S. Trowbridge, in pro. per.
G. V. N. Lothrop, for assignee.

LONGYEAR, District Judge. In this matter the estate of the bankrupts is being wound up by a trustee under the inspection and direction of a committee of the creditors, in pursuance of the provisions of section 43 of the bankrupt act (14 Stat. 538). The claim of the petitioner had not been proved when the resolution of creditors for appointment of trustee was adopted. Since then, and after the resolution had gone into full effect, the petitioner made proof of his claim before, and procured the same to be certified by, a register in bankruptcy, in the ordinary manner, in pursuance of the provisions of section 22 of the act (14 Stat. 527), and delivered the same to the trustee. The trustee, however, under the direction of the committee of creditors, refused to admit the claim to a participation in the distribution of assets, and the petitioner now prays for an order requiring the trustee to so admit his claim. The petition is based exclusively upon the fact that the claim was duly proven under section 22, as above stated. An order to show cause why the prayer of the petition should not be granted having been served on the trustee. he appeared on the return day of the order, and by his counsel interposed the following objections and exceptions: "(1) That it appears that no notice was given said trustee of proving of the claim of said administrator before the register, and that said proceeding for that reason is void; (2) that said register, having acted on the proof of the alleged claim without any order of this court, had no jurisdiction in the matter."

The point to be decided involves, therefore, a consideration of the question of the extent to which the ordinary processes and proceedings in bankruptcy under the act are superseded or suspended by the adoption of the mode of winding up the estate by "arrangement," as provided by section 43. It is clear to my mind that the intent and effect of section 43 is, that, pending proceedings under it, all the ordinary processes and proceedings under the act are, for the time being, absolutely superseded and suspended, excepting so far as such processes and proceedings are retained by the express words, or by the necessary implication of the provisions of that section. The section is entirely silent, however, in regard to proof of debts presented after the institution of proceedings under it, and in my opinion there are none of its provisions that cannot be fully carried out and enforced without the proof required by section 22 in the case of debts so presented. The proceeding contemplated by section 43 is evidently intended to be one by arrangement and not by judicial process or proceedings. The power and jurisdiction of the court are, however, retained over the matter, in order that it may interfere whenever it may become necessary for the preservation and enforcement of the rights of all parties concerned. The committee of creditors represents the entire body of the creditors, and its acts and doings are their acts and doings. All the details of the winding up and settlement of the estate are carried on, through and by the trustee and committee. by arrangement and amicable adjustment, and until some dispute or other exigency arises which cannot be settled and disposed of in that way. none of the processes, powers or jurisdiction of the

court are brought into requisition, and they can be set in motion only by a special application for that purpose. The trustee and committee have full power to arrange, and by. mutual agreement to adjust everything relating to the settlement and winding up of the estate, but they cannot adjudicate or decide any disputed matter. They have no judicial powers. Those are all reserved to the court. A creditor who had proved his debt before proceedings under section 43 were instituted had thereby established his right, prima facie, to participate in the distribution of assets under those proceedings. If in such a case the claim is disputed, the only way the dispute can be adjudicated is by an application to the court to expunge or abate the claim, in which application the trustee must, of course, be the moving party. If a debt which had not been so proven is disputed, the remedy is, of course, the same; but in such a case the creditor must be the moving party, because not having proved his debt in the ordinary way while he had the right to do so, he has not the advantage of the prima facie right to participate which that step confers. In the case last mentioned, the creditor should proceed by petition directly to the court, in which he should set up the fact, nature and consideration of his claim, and pray for leave to prove the same, and for its allowance. If the facts stated in the petition make out a prima facie case, the court will make an order requiring the trustee to answer the same. Upon the coming in of the answer the court will proceed by reference to take proofs, or otherwise, to a final disposition or determination of the matter, as may be deemed expedient. The present case comes within this rule. The petitioner is the proper moving party, but his petition is insufficient in this, the prayer for relief is based alone upon the fact that his claim has been proven under section 22, whereas, as we have seen, the right to so prove his debt had ceased to exist. The exceptions must, therefore, be sustained. The court can see no good reason, however, why the petitioner may not be allowed to reform his petition so as to conform to the foregoing decision, and he will be accorded that privilege.

I have examined carefully the only two reported decisions upon the question discussed in this opinion, viz.: In re Darby [Case No. 3,570], and In re Bakewell [Id. 788]. These opinions are in direct conflict with each other. It will be seen that I agree in the main with the views of Treat, J., in the first-named case, and of course fail to concur in the views of McCandless, J., in his approval of the opinion of Register Harper, in the last-named case. An order must be made in this matter (1) sustaining the exceptions to the petition: (2) granting the petitioner leave to amend his petition by omitting therefrom the allegation of proof of his claim before the register, and inserting in lieu thereof a statement of the fact, amount, nature and consideration of the debt claimed, and so changing the prayer as to conform the same to such amendment; (3) that such amended petition be filed and a copy thereof served on Mr. G. V. N. Lothrop, of counsel for John I. Donaldson, trustee in this matter, within thirty days from this date; (4) that the said trustee answer the amended petition within thirty days after the copy of the same shall have been served as above required.