## Case No. 1,122.

In re BAXTER et al.

[19 N. B. R. 295.]

District Court, S. D. New York.    June Term, 1879.

BANKRUPTCY—COMMITTEE—MAJORITY VOTE— COUNSEL FEE.

[1. When a committee is appointed under Rev. St. § 5103, to assist the trustee in the management of the bankrupt's estate, unanimity of action by them is not required, but the act of a majority, where all have the right to be heard, is the act of the committee.]

[2. The question how much the trustee shall pay counsel for services is left by the statute in the discretion of such committee; and when they act in good faith they cannot review their decision, though the amount allowed is greater than would appear to the court reasonable. In re Cooke, Case No. 3,169, followed.]

[3. Cited in Re Hicks, 2 Fed. 854, to the point that the approval of the committee cannot affect or cure positively unlawful applications of the fund, nor inequality of distribution among creditors.]

[In bankruptcy. In the matter of Archibald Baxter and Duncan C. Ralston.]

Kelly & Macrae, for petitioner.
Abbott Bros., for trustee.

CHOATE, District Judge. This is an application by one of a committee chosen by the creditors to assist the trustee in the management of the bankrupt's estate under Rev. St. § 5103, for relief against the action of the trustee in the allowance of what are alleged to be excessive counsel fees for services rendered to the estate. It is not claimed that the allowances made by the trustee, and approved by the majority of the committee, are not made in good faith. It is claimed that they are grossly excessive for the services performed; that it is within the power of the court to correct such an error of judgment on the part of the committee; and especially that the committee can only act by unanimous vote, and that as one of them dissents from the allowances made, their action on this matter is thereby nullified, and of necessity the court must decide the question.

I think the question how much the trustee shall pay counsel for services is clearly one of those matters which under the statute are submitted to the discretion of the committee, and that the court cannot, if their discretion is exercised in good faith, interfere with their decision, even though the amount allowed is largely in excess of what the court would think reasonable. The purpose and construction of that part of the bankrupt law providing for an administration of the estate by a trustee, under the direction of a committee of the creditors, [Act March 2, 1867, (14 Stat. 529, 538, §§ 27, 28, 43,)] are so fully and carefully stated in the case of In re Cooke, [Case No. 3,169,] by Mr. Justice Strong, that it is only necessary to refer to that case as an authority on this point. The present case comes clearly within the reasoning of that

decision. There is nothing in the statute indicating that the committee must be unanimous in all their directions to the trustee. The number to be appointed on the committee is not fixed by the statute. It may be larger or smaller, as the creditors at their meeting shall determine. The theory of the statute is, that they will represent the whole body of the creditors, giving the trustee the benefit of their advice, and restraining his action by their action in the management of the estate. It is to be presumed that they are fairly representative of the views of the creditors, or intended so to be. To require entire unanimity of them, either in opinion or direction on all the diverse matters they are called upon to decide, would in my judgment be impracticable, and go far to defeat the very purpose had in view by the statute. and unduly embarrass the administration of the estate, leaving many questions of administration insoluble, except by an appeal to the court, for which no provision is made by the act, and which seems to be contrary to its primary intent of an administration of the estate by the creditors themselves, through their own chosen agents. It seems, therefore, to be the intent of the statute, that the committee by a majority vote shall decide all questions duly submitted to them, and that the act of the majority, all having an opportunity to be heard, is the act of the committee. This application must therefore be denied.