## Case No. 1,634.

### In re BONNETT et al.

[19 N. B. R. 309.][1]

District Court, S. D. New York. Nov. 25, 1879.

BANKRUPTCY—PROCEEDINGS TO REALIZE ESTATE— COMMITTEE—POWERS OF TRUSTEE.

One of the members of a committee appointed under section 5103, Rev. St., rendered services

[1] [Reprinted by permission.]

to the trustee, at his request, in preparing for market, and putting in condition to be sold, a large stock of tobacco, and also in effecting the settlement of an important litigation affecting the estate. On an application for compensation, *held*, that the services were not such as the trustee could call on the committee to perform in the ordinary course of their duty; that it was inconsistent with the statute that they should be employed by the trustees to act in any other capacity for a compensation; and that the claimant was not entitled to compensation.

[Cited in Re Hicks, 2 Fed. 853.]

[In bankruptcy. In the matter of D. Blake Bonnett and others. Application denied.]

H. C. Atwater, for motion.

CHOATE, District Judge. This is an application by one of the committee of the creditors, under Rev. St. § 5103, to be allowed compensation for special services rendered to the trustee at his request. The services rendered were in preparing for the market, and putting in condition to be sold, a large stock of tobacco and cigars, which have been sold by the trustee at private sale, and also in going to Cincinnati, and spending some nine days in effecting the settlement of an important litigation in which the estate was involved. The services rendered are shown to have been beneficial to the estate, and the amount claimed as compensation is not unreasonable, and the services rendered were not such as the trustee could call on the committee to perform in the ordinary course of the performance of their duty, as members of the committee. The question therefore is whether such employment is compatible with the position which the committee hold towards the trustee and the estate. By the section above cited, it is provided that "if, at the first meeting of creditors, etc., three-fourths in value of the creditors, etc., shall resolve that it is for the interest of the general body of the creditors that the estate of the bankrupt shall be settled by trustees under the inspection and direction of a committee of the creditors, the creditors may certify and report such resolution to the court, and may nominate one or more trustees to take and hold and distribute the estate under the direction of such committee." The section then provides for confirmation of the resolution by the court, and that, in case it is conformed, "the court, by order, shall direct all acts and things needful to be done to carry into effect such resolution of the creditors, and the trustee shall proceed to wind up and settle the estate under the direction and inspection of such committee of the creditors, for the equal benefit of all such creditors, and the winding up and settlement of any estate under the provisions of this section shall be deemed to be proceedings in bankruptcy, and the trustees shall have all the rights and powers of assignees in bankruptcy." The supreme court has interpreted this

section as meaning, with respect to the trustee, that he is entitled to the stated compensation allowed by the statute to an assignee, and extraordinary compensation to be allowed by the court upon the like proceedings as in case of an assignee. See General Order No. 30. No express provision is made for the compensation of the committee. Their powers under this section are very large, and their discretion in directing the assignee as to the proper performance of his duty on winding up and settling the estate is practically unlimited. So long as they act in good faith and keep within the range of lawful acts, they take the place of the court in advising and directing the trustee, and their duty and power embrace the entire range of the duty of the trustee in administering the estate. Their duties are quasi judicial. In re Jay Cooke & Co. [Case No. 3,169]. In view of the nature of the duties they are to perform, I think it is inconsistent with the statute that they should be employed by the trustee to act in any other capacity for a compensation. They cannot voluntarily, or with the consent of the trustee, withdraw from the position and duty which, by accepting the position assigned them by the creditors, they have assumed. The whole body of creditors have a right to insist that as to every detail of administration they should hold themselves ready to advise and direct the trustee impartially and without any personal interest which shall impair or affect their judgment. Such employment for compensation does withdraw the member of the committee so employed from this position. The very question whether the services he is employed to render are necessary and expedient, and for the best interest of the estate, and, if so, who will be a suitable person to be employed to perform them, are clearly questions in the determination of which the trustee must act by the direction of the committee in the ordinary performance of their duty. It is no answer to say that a majority of the committee shall remain able to act on these questions. The creditors and the trustee are entitled to the services of all the committee. No doubt if all are able to serve, and are duly notified and consulted, a majority may act; but it is incompatible with the statute that any member of the committee should disable himself from acting. If he can do so, the trustee and creditors will to that extent be deprived of benefit of having the advice and direction of such a committee as was resolved upon by the creditors and approved by the court. It is obvious that, if one of the committee may accept such employment, all of them may do so, and they may divide among them all the employment which the trustee may have to distribute with its emoluments. In the present case there is no suspicion of any intended wrong, but I am unwilling to make a precedent which is capable of so great abuse, and to authorize an employment which I think is impliedly forbidden by the statute. I am referred to a decision of Judge Fox in the case of In re Treat [Case No. 14,160]. So far as that case is consistent with the views herein expressed, I am unable to agree with its conclusions; the allowance was made in that case, however, on the theory that the services for which compensation was made were rendered by the member of the committee in that capacity. In the present case the services for which compensation is claimed seem to me not to be such as the trustee could have required of this petitioner as a member of the committee. The question whether, as officers of the court, the committee can, for their ordinary services be allowed a compensation, is not before the court.

Motion denied.