Choate, D. J.
This case comes up on a certificate from the register requiring the opinion of the court upon the fol. lowing facts stated: This was a proceeding wherein the estate of the bankrupts has been wound up by a trustee, under *852 the direction of a committee of creditors, pursuant to section 43 of the bankrupt act. No schedules were ever filed in the case. No reports have been made to the register. No account has been rendered except one dated December 31,1879, which has been submitted to .the committee and by them confirmed. It shows, or purports to show, the receipts and disbursements of the trustee, including amounts paid for expense of administration, and for dividends, and an undistributed balance of $3,549.44. The trustee has never been examined under any order of the court or the register; the account rendered by him to the committee is not verified, nor was it accompanied by vouchers.
Two of the creditors, whose debts together amount to about two-thirds of all the debts proved, applied to the register for an order for the examination of the trustee, and accordingly the register issued a summons requiring the trustee to appear for examination, and to produce upon such examination all books of account belonging to the bankrupts, and all the books kept by him as trustee, and all his vouchers. The questions certified by the register are — (1) whether the register had power to issue the summons; (2) whether these applying creditors have the right to examine the trustee in this proceeding before the register pursuant to the summons; and (3) whether they have the right on such examination to call for the production of said books and papers.
It has been held that after the due appointment of a trustee, under section 43 of the bankrupt act, the rights and powers of creditors inconsistent with the full and free exercise of the power and authority given by the statute to the trustee to settle and wind up the estate under the direction of the committee are taken away. In re Jay Cooke & Co. 11 N. B. R. 1. And in the case of In re Trowbridge, 9 N. B. R. 274, it was said by Judge Longyear: “The proceeding contemplated by section 43 is evidently intended to be one by arrangement and not by judicial process or proceedings. The power and jurisdiction of the court are, however, retained over the matter in order that it may interfere whenever it may become necessary for the preservation and enforcement of the rights of all *853 parties concerned. The committee of creditors represents the entire body of the creditors, and its acts and doings are their acts and doings. All the details of the winding up and settlement of the estate are carried on through and by the trustee and committee, by arrangement and amicable adjustment, and until some dispute or other exigency arises which-cannot be settled and disposed of in that way, none of the processes, powers or jurisdiction of the court are brought into requisition, and they can be set in motion only by a special application for that purpose. ”
I think it is clear upon these authorities, and upon the terms of the statute, that the trustee and the committee are not liable to the ordinary processes and modes of proceeding prescribed by the bankrupt law for the regulation of assignees, and for the enforcement of those obligations which assignees assume towards creditors and the bankrupt. At the same time the statute sanctions and these eases recognize the-power and duty of the court to intervene, upon cause shown, for the purpose of preventing a violation of their trust on the part of the trustee or creditors, and to secure the equal rights of all creditors in the distribution of the asset#, which is expressly provided for in the act. The most common cause for the interference of the court is upon a question being made-as to whether or not a person making a claim is entitled to share as a creditor. Such a question, if mooted and not adjusted by the parties, must necessarily be determined by the court. In this very case such questions have been so determined in favor of the applying creditors. So there can be no doubt that any action of the trustee or committee in excess of their lawful powers, as, for instance, a diversion of funds to a purpose not authorized by the terms of their trust, will be corrected on application to the court. In re Bonnett, 19 N. B. R. 309.
Nor does the trustee any more than any other trustee, hold the funds of the estate without a liability to be called to an account. As a trustee for creditors he is probably bound to afford them on request all proper information as to his perforin anee of his trust. There is nothing, however, in the statute* *854 or in the general principles of law governing the subject, prescribing that his account rendered to the creditors shall be under oath, or in any particular form, or that when it is rendered his vouchers shall accompany it. While the approval of the committee will be conclusive as to all matters that are within the discretion of the trustee and committee, except in cases of bad faith, the approval of the committee cannot affect or eure positively unlawful applications of the fund, nor inequality of distribution among creditors. In re Baxter, 19 N. B. R. 295.
That this court has authority, in proper cases, to call the trustee to an account, is unquestionable; but I think it is equally clear that it can properly be done only on a petition, by a creditor or other party in interest, setting forth the grounds on which the court is asked to intervene in the matter, to which the trustee will have an opportunity, by answer or otherwise, to interpose objections before an order can properly be made against him.. I think it clear that any other or more summary mode of proceeding against him would be inconsistent with his relations to the court and the creditors established, by the statute. If such proceedings are taken, and an accounting ordered, the powers of the court are ample to direct a personal examination of the trustee, under oath, and the production of all books and papers necessary to the full elucidation of his accounts.
But it follows from the .views above expressed that the register had no power, on the mere application of creditors, to issue a summons for the examination of the trustee, or for the production by him of the books and papers mentioned in the summons. Section 5087 provides that the court may require the attendance of any person as a witness in a bankruptcy proceeding, either before the court or before a register ; and, by section 5002, registers are vested with the same powers as the court for the summoning and examination of persons or. witnesses, and for requiring the production of books, papers and documents. This summons was, no doubt, issued upon the theory that these sections still applied in this case notwithstanding the appointment of the trustee. *855 They are applicable to ordinary proceedings in bankruptcy. For the reasons stated above they are superseded and made inapplicable to this case by the adoption of the alternative method of winding up the estate through the agency of a trustee and committee of creditors. The questions submitted by the register must all he answered in the negative.